IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS F. SANCHEZ, | No. C 06-2148 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| vs. | |
| A. P. KANE, Warden, | |
| Respondent. / | |

    This is a habeas case filed pro se by a state prisoner. Petitioner contends that his rights were violated in connection with denial of parole. Respondent's motion to dismiss on grounds that petitioner had not what parole hearings he wished to attack was granted and the petition was dismissed with leave to amend. Petitioner has amended.

    In his amendment petitioner makes clear that the hearing to which the petition is directed is that of November 5, 2003. As grounds for federal habeas relief petitioner asserts that: (1) California law creates a liberty interest in parole which is entitled to due process protection; (2) the denial by the November 5, 2003, panel was based upon instructions to deny parole forwarded to it by previous panels, biasing the decision-maker; (3) the Board did not comply with the regulations and state law governing it; and (4) there was not "some evidence" to support the decision.

    As to issue one, petitioner is correct that there is a liberty interest in parole created by California law, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002), but that fact is not

grounds for habeas relief in itself.  And claim three presents only a state law question, which cannot be grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)  Claims one and three will be dismissed.

## CONCLUSION

1. Claims one and three are **DISMISSED**.

2. The amended petition is sufficient to require a response.  Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August   12   , 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\SANCHEZ148.OSC2.wpd

2